### GOSHEN RUBBER WORKS v. SINGLE TUBE AUTOMOBILE & BICYCLE TIRE CO.

(Circuit Court of Appeals, Seventh Circuit.    October 20, 1908.)

No. 1,412.

1. PATENTS (§ 266*)—LICENSE TO MANUFACTURE—INFRINGEMENT.

Where goods manufactured under a patent are sold by the patentee or licensee, the royalty having been previously paid or secured, the patentee cannot treat the seller or user as an infringer.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 410; Dec. Dig. § 266.*]

2. PATENTS (§ 211*)—LICENSES—CONTRACT WITH LICENSEES—MODIFICATION.

An owner of certain patents relating to the manufacture of bicycle and automobile tires executed a license to manufacture and sell to various companies for the full unexpired patent term. Thereafter an agreement was made with the various licensees to secure the payment of royalty on tires to be subsequently made, by which the owner of the patent was enabled to ascertain the exact sales of tires made by each licensee, and the per centum of royalties secured by the agreement was rendered certain in amount. The agreement also provided for the services of an arbitrator, at the sole cost of the licensees, whose decision was made final. *Held*, that such agreement should be treated as a written modification of the license, and, being of benefit to the owner of the patent, was based on a sufficient consideration.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 304, 310; Dec. Dig. § 211.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** Monopolies (§ 14*) — Sale of Patented Articles — Contract with Licen- sees — Validity — Restraint of Trade.

Since the public, by licenses to manufacture patented automobile tires, only secured the right to purchase the tires after they have been manu- factured and offered for sale, and has no right to have the competition between the different licensees continued, a modification of the licenses between the owner of the patent and the various licensees regulating the manufacture and sale of such tires was not objectionable as a restraint of trade, in violation of the Sherman anti-trust act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]).

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 11; Dec. Dig. § 14.*]

In Error to the Circuit Court of the United States for the District of Indiana.

Action by a patentee against a licensee to recover an agreed sum, being royalties for the use of the invention.

The defense set up is that the agreement upon which suit was brought con- stitutes a restraint of trade and is therefore invalid. The case is much like Rubber Tire Wheel Co. v. Milwaukee Rubber Works Co. (C. C.) 142 Fed. 531; Consolidated Rubber Tire Co. v. Diamond Rubber Co. of New York, 157 Fed. 678, 85 C. C. A. 349. All the pleadings were withdrawn by leave of court ex- cept the amended declaration, and an answer was filed setting up facts tend- ing to support the defense that the agreement sued on was one in restraint of trade and therefore invalid. A demurrer to the answer was filed, which was sustained by the court. The defendant declined to answer over, whereupon judgment for the plaintiff was rendered, and the case was removed by writ of error into this court.

The facts are that the defendant in error, the Single Tube Automobile & Bicycle Tire Company, is the owner of certain letters patent for the manu- facture of automobile and bicycle tires. On July 19, 1902, it licensed the plaintiff in error, the Goshen Rubber Works, to manufacture, sell, and use tires embodying the invention, for a license fee of $3 per pair, and certain sums in addition to such royalty. The license was for the full unexpired por- tion of the patent term. Before and after the license was made, the Single Tube Company made similar licenses to a number of other companies, and on September 16, 1903, a "licensees' agreement," so called, was made between the Single Tube Company and all of its licensees, including the Goshen Com- pany. The contract sued on is the licensees' agreement. This agreement runs for one year, and is in general terms similar to the agreement set out in the Rubber Tire Wheel Case. It recites that the parties have been licensed by the Single Tube Company to manufacture and sell tires under the patent, and that it is the desire of all the parties that the right and license to manu- facture shall be exercised to the extent set forth in the agreement upon uni- form terms and conditions; that all the operations of the licensees shall be supervised to the said desired end by an impartial administration. There- fore it is agreed that the licensees shall each pay to one Jackson, who is ap- pointed in the agreement to supervise the transactions between the parties, $500 for each 1 per centum, and a ratable amount for each fraction thereof of the quo- ta of each of the licensees, which quota was fixed according to the number of tires manufactured by each licensee. Those licensees exceeding the quota agreed upon should pay additional royalty of 25 per centum on the amount over the quota of each, and if less, then the licensee should receive a like percentage on the amount it might be short. The kind of bicycle tires to be manufactured was restricted, and the prices therefor fixed, as well as the prices on carriage and automobile tires. All royalties collected by the Single Tube Company were to be paid over to Jackson, less the amounts provided for in the respec- tive license agreements to each of the licensees. If any licensee should sell any tires at cut prices, it should forfeit an amount equal to the entire amount involved to be divided among the other parties to the agreement. Jackson was to have inspection of all contracts and books of account of the licensees,

and decide any and all questions arising between any of the parties to the contract. His decision was to be final, each party agreeing to abide thereby. Jackson's compensation was to be agreed upon between him and the Single Tube Company. The validity of this agreement was challenged by the answer as falling within the Sherman act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), and also upon the ground that the subject-matter of the licensees' agreement had been released from the dominion of the patent monopoly at the time such agreement was made, and was subject to the provisions of such act; in other words, that there was no consideration for the licensees' agreement because the licensor had authorized the Goshen Company to make, use, and sell the monopoly secured by the patent for its full term, and the licensees' agreement was therefore without consideration.

S. C. Hubbell, for plaintiff in error.

Augustus L. Humes, for defendant in error.

Before BAKER and SEAMAN, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge (after stating the facts as above). If the patentee still retained an interest in the patent and the licensees' agreement was made on sufficient consideration, the case is entirely ruled by Rubber Tire Wheel Co. v. Milwaukee Rubber Works, above cited. It is, however, sought to distinguish that case by the argument that the licenses to various manufacturers for the full term of the patent divested the patentee of any further interest, and operated to release the patented devices from the monopoly of the patent. Of course, the patentee still remains the owner. The licenses might be modified at any time by any subsequent arrangement between licensor and licensee. If the subsequent licensees' agreement was for the benefit of the owners of the patent, then it was upon sufficient consideration, amounted to a modification of the licenses, and was in all respects a valid contract. It is familiar law that articles manufactured under the term of the patent are taken out of the limits of the monopoly and become part of the common property of the country. When they are sold by the patentee or his licensee, the royalty having been previously paid or secured, the patentee, having once received his royalty cannot treat the seller or user as an infringer. Morgan Envelope Co. v. Albany Paper Co., 152 U. S. 425, 14 Sup. Ct. 627, 38 L. Ed. 500; National Phonograph Co. v. Schlegel, 128 Fed. 733, 64 C. C. A. 594. The licensees' agreement, however, related entirely to tires to be manufactured in the future, upon which no royalty had been paid. The licensees' agreement was made for the purpose of securing the payment of the royalty upon tires to be subsequently made, and the patentee had a vital interest in the character and the amount of the tires to be so manufactured. It will hardly be denied that, if at any time the licensees' operations were unsatisfactory, the parties might by subsequent agreement modify them; or, if the operations of the licensee were so unsatisfactory and unbusinesslike as to amount to a breach of the agreement, the licensor would have the right to terminate it and make a license to another.

It seems clear, therefore, that the dominion of the patentee remains for the purpose of securing a substantial performance of the agreement made by the licensee. The only right secured to the public by the licenses was to purchase the tires after they had been manufactured and

166 F.—28

offered for sale. It did not obtain the right to have the competition between the different licensees continued, or in any way obtain an embargo against a modification of the licenses.

The following purposes beneficial to the Single Tube Company were secured by the agreement sued on: It was enabled to ascertain the exact amount of sales of the patented tires made by each licensee; the per centum of royalties secured by the agreement was rendered certain in amount. The reputation and value of the patented tires may have been further increased by the provisions as to price and quality of tires to be made. The services of an arbitrator were secured at the sole cost of the licensees. The decision of the arbitrator was made final, thereby preventing possible litigation between the parties. And the agreement in suit may be regarded as a written modification of the license. All of these matters are beneficial to the patentee, and form a sufficient consideration for the agreement.

The judgment of the Circuit Court is affirmed.